IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JERRY L. NEISWONGER,                              )
                                                  )
                          Plaintiff,              )
                                                  )
          -vs-                                    )          Civil Action No.   18-1306
                                                  )
ANDREW M. SAUL,[1]                                )
COMMISSIONER OF SOCIAL SECURITY,                  )
                                                  )
                          Defendant.              )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and

13).   Both parties have filed briefs in support of their motions. (ECF Nos. 11 and 14).   After

careful consideration of the submissions of the parties, and based on my Opinion set forth below,

I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's

Motion for Summary Judgment. (ECF No. 13).

## I.  BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social

Security denying his application for disability insurance benefits ("DIB") pursuant to the Social

Security Act.   Plaintiff filed his application alleging he has been disabled since March 15, 2010.

Administrative Law Judge ("ALJ"), Daniel F. Cusick, held a hearing on June 25, 2014.   (ECF No.

6-2, pp. 34-76).   On July 25, 2014, the ALJ found that Plaintiff was not disabled under the Act.

(ECF No. 6-2, pp. 18-29).   On appeal, this Court issued a decision remanding the case on August

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting
Commissioner, Nancy A. Berryhill.

22, 2016.   On remand in this case, the Appeals Council vacated the prior order and remanded the case further proceedings.   (ECF No. 8-19, p. 40).

On July 13, 2017, the ALJ held a second hearing.   (ECF No. 8-18).   On October, 25, 2017, the ALJ issued a second decision finding that Plaintiff was not disabled under the Act. (ECF No. 8-17, pp. 19-30).   After exhausting all administrative remedies, Plaintiff filed the instant action with this court.   The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 13).   The issues are now ripe for review.

## II.   LEGAL ANALYSIS

### A.   Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.   *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).   Substantial evidence has been defined as "more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate."   *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.   42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).   A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.   *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).   Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.   *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.     Scope of Review on Remand**

Plaintiff first argues that the ALJ exceeded the scope of this Court's August 22, 2016, order remanding the case. (ECF No. 11, pp. 13-16). To that end, Plaintiff suggests that the ALJ was limited to addressing the single issue on which the case was remanded and nothing more. (ECF No. 11, p. 14). Contrary to Plaintiff's position, such is not the case. According to the

3

Hearings, Appeals, and Litigation Law Manual (HALLEX), "[i]f the Appeals Council (AC) remands the case to the hearing level after a court remand, it generally vacates the entire administrate law judge (ALJ) decision, and the ALJ must consider all pertinent issues de novo." HALLEX I-2-8-18(A). On remand in this case, the Appeals Council vacated the prior order and remanded the case for further proceedings. (ECF No. 8-19, p. 40). Additionally, the regulations provide that on remand from a federal court, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in you case." 20 C.F.R. §404.983. In this case the ALJ properly took new evidence and reexamined all of the evidence *de novo* and made new findings as it related to Plaintiff's application. (ECF No. 8-17, pp. 19-30). In doing so, the new ALJ was required to reweigh all of the opinion evidence in accordance with the rules and regulations. The ALJ did exactly that. *Id.* Thus, I find the new ALJ's decision did not exceed its scope of review in reviewing, *de novo,* Dr. Guie's opinion evidence.[2] Therefore, remand is not warranted on this basis.

Plaintiff further argues that there is no medical evidence to support a new finding that Plaintiff had the ability to lift, carry, and stand/walk. (ECF No. 11, p. 15). That that end, Plaintiff specifically submits that there were no additional medical records offered into evidence after the July 25, 2014 hearing. *Id.* As discussed above, regardless of the date of the medical evidence, the ALJ was required to review all of the evidence *de novo.* In so doing, the ALJ properly considered the opinion evidence of Dr. Leong dated December 19, 2016,[3] which supports a

---

[2] Plaintiff suggests that Dr. Macielak had Plaintiff's entire longitudinal medical history to review. *Id.* Plaintiff does not cite to any evidence of record to support this proposition. (ECF No. 11, pp. 14-15). Specifically, Plaintiff fails to point to record evidence to establish that Dr. Macielak, his orthopedic specialist, had access to and reviewed treatment records from all other providers. *Id.* Thus, I find no merit to this suggestion.

[3] To the extent Plaintiff is arguing that Dr. Leong's opinion should not have been given great weight

finding that Plaintiff had the ability to lift, carry, and stand/walk as set forth in the residual functional capacity ("RFC").[4]  (ECF No. 8-17, pp. 26-28).   Therefore, I am not persuaded by this argument.

## C.   Use of a Cane

Plaintiff argues that the ALJ's determination that he does not require an assistive device to ambulate is not based on substantial evidence.   (ECF No. 11, pp. 16-17).   To that end, Plaintiff points to evidence from Dr. Macielak that his "gait [is] assisted with a cane."   (ECF No. 11, p. 16, citing No. 8-18, p. 66).   To be clear, this is not medical evidence that Plaintiff requires a cane to ambulate. *Id.*   Rather, it is an observation.

Plaintiff also cites to record evidence that he waked with an antalgic gait.   (ECF No. 11, pp. 16-17).   To be clear, the standard is not whether there is evidence to establish Plaintiff's position.   *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales,* 402 U.S. 389, 401 (1971).   If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims.   *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016).   Thus, the question before me is whether substantial evidence supports the ALJ's findings.   *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).   Therefore, Plaintiff's argument in this regard is misplaced.

---

because she did not state that her opinion relates back to the time of Plaintiff's alleged onset date, I disagree.   (ECF No. 11, p. 15).   Dr. Leong's opinion explicitly recognized Plaintiff's alleged onset date and further sets forth that she considered medical records from the entire relevant time period.   (ECF No. 8-27, pp. 48-50). Thus, I find no merit to this argument.

[4] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

Nonetheless, after a review of the record, I find that there is substantial evidence of record to support the that Plaintiff did not require a cane to ambulate. (ECF No. 8-17, pp. 26-27). For example, there is no medical documentation establishing the need for a cane. SSR 96-9p. Furthermore, Plaintiff testified that he does not use a case to walk. (ECF No. 8-18, p. 24; No. 8-6, p. 24). Additionally, Dr. Leong specifically opined that Plaintiff does not require a cane to ambulate. (ECF No. 8-27, p. 43). Based on the same, I find there is substantial evidence to support the ALJ's findings. Consequently, remand is not warranted on this basis.

**D.** **Opinion Evidence of Dr. Macielak**

Plaintiff's final argument is that the ALJ failed to fully evaluate the opinions of Dr. Macielak. (ECF No. 11, pp. 17-19). Specifically, Plaintiff suggests that the ALJ failed to weigh certain opinions regarding Plaintiff's functionality (an at-will sit/stand option or that he would be absent from work more than four days per month). *Id.* After a review of the record, I disagree.

The ALJ clearly set forth that he was only accepting that portion of Dr. Macielak's opinion that places the claimant at the light exertional level. (ECF No. 8-17, p. 28). In other words, the ALJ was rejecting all other limitations to which Dr. Macielak opined that were not at the light exertional level because they were inconsistent with his own records, other medical records of Dr. Leong and other evidence of record. (ECF No. 8-17, p. 28). Inconsistency is a valid reason for rejecting evidence. *See,* 20 C.F.R. §§404.1527.

Light work is defined as follows:

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

6

20 C.F.R. §404.1567. The ALJ found Plaintiff had the RFC to perform light work "and could lift upto 20 pounds *occasionally* and lift or carry up to 10 pounds *frequently*; could stand or walk for approximately 6 hours per 8-hour workday and sit for approximately 6 hours per work day with normal breaks; he could *occasionally* climb ramps or stair and could *occasionally* kneel and crouch, but could never climb ladders, ropes, or scaffolds; he had to avoid concentrated exposure to excessive noise and irritants such as fumes, orders (sic), dust and gases; he had to avoid all exposure to workplace hazards, such as unprotected machinery and unprotected heights." (ECF No. 8-17, p. 25). Based on the same, and the ALJ's articulation of the portion of Dr. Macielak's opinion that he was accepting (and thereby rejecting the rest), I am able to make a proper and meaningful review and find it is based on substantial evidence. (ECF No. 8-17, pp. 25-28). Therefore, remand on this issue is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JERRY L. NEISWONGER,                          )
                                              )
            Plaintiff,                        )
                                              )
      -vs-                                    )        Civil Action No.   18-1306
                                              )
ANDREW M. SAUL,[5]                            )
COMMISSIONER OF SOCIAL SECURITY,              )
                                              )
            Defendant.                        )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 12th day of November, 2019, it is ordered that Plaintiff's Motion for

Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment

(ECF No. 13) is granted.

                              BY THE COURT:

                              s/   Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge

---

[5] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting
Commissioner, Nancy A. Berryhill.